UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　CASE NO.: 2:24-cr-42-SPC-NPM

TYLER D. WILLIAMS

## ORDER

This matter comes before the Court on Defendant Tyler D. Williams' Oral Motion for Judgment of Acquittal, which he first raised after the Government rested its case and renewed after closing arguments. The Court reserved ruling. The jury has since returned a verdict of guilty on all counts.

Rule 29 provides that "[a]fter the government closes its evidence . . . the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). But the Court "may reserve decision on the motion, proceed with the trial[,] submit the case to the jury, and decide the motion . . . after it returns a verdict of guilty[.]" Fed. R. Crim. P. 29(b). If the Court takes this approach, "it must decide the motion on the basis of the evidence at the time the ruling was reserved." *Id*. And if the evidence was insufficient, then the Court "set[s] aside the verdict and enter[s] an acquittal." Fed. R. Crim. P. 29(c)(2).

Insufficient evidence means that no "reasonable fact-finder could have determined that the evidence proved the defendant's guilt beyond a reasonable doubt." *United States v. Smith*, 459 F.3d 1276, 1286 (11th Cir. 2006). In making this finding, the Court "review[s] the evidence in the light most favorable to the government and draws all reasonable factual inferences in favor of the jury's verdict." *Id*.

This prosecution concerned the conduct of a former Hendry County Sheriff's Deputy. (Doc. 3). For Count One, the Government charged Defendant with deprivation of rights under color of law under 18 U.S.C. § 242—that Defendant threw M.R. to the ground in violation of the Fourth Amendment. The Government was tasked with proving that Defendant acted under color of state law, deprived M.R. of the right to be free from unreasonable seizure, willfully exceeded and misused or abused his authority, and caused M.R. to suffer a bodily injury as a result.

For Count Two, the Government charged Defendant with falsification of records in a federal investigation under 18 U.S.C. § 1519—that Defendant falsely claimed in his incident report that he (1) took M.R. to the ground because he feared M.R. had a weapon and (2) immediately placed M.R. in the recovery position and summoned EMS personnel. The Government was tasked with proving that Defendant falsified or made a false entry in a document, did so knowingly, and acted with the intent to impede, obstruct, or influence the

investigation of a matter within the jurisdiction of an agency of the United States.

The Government called deputies from the Hendry County Sheriff's Office, including Sergeant Randy Bone who was on the scene at the time of the incident. The Government presented body camera footage from two angles showing the events before, during, and after the takedown. The Government also called an expert witness to review the takedown and speak to police training. As to Count One, this evidence was sufficient to prove that Defendant acted under color of state law, deprived M.R. of the right to be free from an unreasonable seizure, injured M.R., and acted willfully.

As to Count Two, the Government, in addition to testimony, presented the Defendant's report as to what occurred during the incident. The Government also called an FBI special agent to confirm an investigation by a United States agency. The above evidence, coupled with the incident report, was sufficient to prove that Defendant falsified or made a false entry in a document, did so knowingly, and acted with the intent to impede, obstruct, or influence the investigation of a matter within the jurisdiction of an agency of the United States.

Accordingly, it is now

**ORDERED:**

Defendant's Oral Motion for Judgment of Acquittal is **DENIED.**

**DONE AND ORDERED** in Fort Myers, Florida on February 13, 2025.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  Counsel of Record